**Abatement Order filed December 4, 2015**



In The

# Fourteenth Court of Appeals
_____

**NO. 14-15-00910-CV**
_____

**In the Interest of I.W. aka A.A.W. and  I.W. aka J.A.W., Children**

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-04849J**

## ABATEMENT ORDER

This is an accelerated appeal from a judgment in a suit in which the termination of the parent-child relationship is at issue  The notice of appeal was filed October 26, 2015.  Appellant has established indigence or is presumed to be indigent.  *See* Tex. R. App. P. 20.1(a).  The reporter's record was due within **10 days** after the notice of appeal was filed.  *See* Tex. R. App. P. 35.1(b); 28.4(a)(1).  Portions of the record have been filed, but the portions, if any, prepared by **Jill Bartek** have not been filed.

Appeals in parental termination cases and child protection cases are to be brought to final disposition within **180 days** of the date the notice of appeal is

filed. *See* Tex. R. Jud. Admin. 6.2(a). The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c). The trial court **must** direct the court reporter to immediately commence the preparation of the reporter's record and **must** arrange for a substitute reporter, if necessary. *See* Tex. R. App. P. 28.4(b)(1).

On November 17, 2015, we ordered **Jill Bartek** to file the record on or before December 1, 2015. No record has been filed. Because the reporter's record has not been filed timely in this accelerated appeal, we issue the following order:

We direct the judge of the 313th District Court to **immediately** conduct a hearing at which **Jill Bartek**, appellant's counsel, and appellee's counsel shall participate (a) to determine the reason for the failure to file the record; (b) to establish a date certain when the reporter's record will be filed, and (c) to make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court on or before **December 14, 2015**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

PER CURIAM